IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01178-ZLW-BNB

NEWMONT U.S.A. LIMITED, f/k/a NEWMONT MINING CORPORATION, and
N.I. LIMITED,

    Plaintiffs and Counterclaim Defendants,

v.

INSURANCE COMPANY OF NORTH AMERICA,

    Defendant and Counterclaimant.

## MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

Defendant and Counterclaimant Insurance Company of North America ("INA"), by and through its counsel, pursuant to the United States Arbitration Act (the "Arbitration Act"), 9 U.S.C. §§ 1-16, hereby respectfully submits this Motion to Confirm Arbitration Award and Enter Judgment, as follows:

1.    INA's request for confirmation is made pursuant to Section 9 of the Arbitration Act. Judgment should thereupon be entered in accordance with the confirmed award.

### WHY THIS MOTION IS FILED IN THIS COURT

2.    On May 15, 2006, INA commenced an arbitration against Plaintiff and Counterclaim Defendant N.I., Limited ("NIL").

3.    On May 31, 2006, Plaintiffs and Counterclaim Defendants NIL and Newmont U.S.A. Limited f/n/a Newmont Mining Corp. ("Newmont") filed a complaint in Colorado state

court seeking, among other things, to enjoin INA from proceeding against NIL in arbitration. (See Plaintiffs' Complaint, Doc. 4.)[1]

4. On June 20, 2006, INA removed NIL's state court action to this Court based on the diversity of citizenship between the parties, 28 U.S.C. § 1332, and under 9 U.S.C. § 205 because this Court has original jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (opened for signature June 10, 1958, U.S.T. 2517, T.I.A.S. No. 6992, 330 UNTS 38 (1958)), reproduced at 9 U.S.C.A. § 201 (the "Convention"). (See INA's Notice of Removal, Doc. 3.)

5. INA, thereafter, moved to compel arbitration and stay the court action based on the broad arbitration provisions set forth in the three consecutive one year reinsurance agreements entered into between INA and NIL, the first of which incepted on July 18, 1982 (the "Reinsurance Agreements"). (See Exhibit "1.")[2]  NIL opposed that motion and cross-moved to stay the arbitration proceedings.

6. On September 20, 2006, this Court ordered that this matter proceed to arbitration. This Court also retained limited jurisdiction over the disputes between INA and NIL, and ordered those parties to submit status reports in connection with the arbitration proceedings. (See Order, September 20, 2006, p. 11, Doc. 33.)

7. Accordingly, although the Reinsurance Agreements state that "[e]ither party may apply to the United States District Court for the Eastern District of Pennsylvania for an order

---

[1] Where appropriate, references are made to this Court's docket numbers as "Doc."

[2] "Exhibit" refers to those exhibits set forth in the Declaration of Matthew J. Lasky, Esq. which is attached as Exhibit A-1 to the Response in Opposition to Plaintiffs' Motion for Entry of Judgment filed contemporaneously with this Motion.

confirming the award," this Court has retained limited jurisdiction over this matter. (Exhibit "1," Article X (4); Order, September 20, 2006, p. 11, Doc. 33.) This Motion To Confirm Arbitration Award And Enter Judgment, therefore, is filed in this Court.

## THE DISPUTE

8.      The Reinsurance Agreements reinsured one three year INA Policy, No. SCG GO 209325 (the "Policy"). The Policy names Newmont and all of its then subsidiaries, including Magma Copper Co. ("Magma"), as insureds. Pursuant to the Policy, INA settled certain claims asserted by BHP Copper, Inc. f/k/a Magma Copper Co. ("BHP") in connection with alleged environmental damages and legal costs arising from BHP's Pinal Creek Mining Site in Arizona. NIL refused to pay its contractual share of these amounts, as well as the declaratory judgment expenses that INA incurred in litigating these claims with BHP.

## THE ARBITRATION, FINAL AWARD AND CLARIFICATION ORDER

9.      An arbitration hearing concerning this dispute was conducted on December 18-19, 2007.

10.     On December 21, 2007, the arbitration panel rendered a **unanimous** Final Award in favor of INA. (See Exhibit "2.")

11.     Within thirty days of the Final Award, INA was obligated to "render an account ("Account") to [NIL] of all amounts due to [INA] including Interest . . . The Account shall be in affidavit form signed under oath by a principal financial officer of INA and certified as a true and correct statement of balances which exist between [INA and NIL.]" (Exhibit "2," ¶ 5.)

12.     NIL was thereafter obligated to pay INA the amounts set forth in the Account "within 20 days of the receipt of the Account." (Exhibit "2," ¶ 5.)

3

13.     Pursuant to the Final Award, the Panel also retained jurisdiction "for the sole and limited purpose of resolving any disputes which may arise over the Account rendered by [INA] under paragraph 5 above or the amounts ordered paid under paragraph 6 above." (Exhibit "2," ¶ 9.)

14.     On January 18, 2008, INA served its Account upon NIL. The Account evidences that as of January 18, 2008 NIL owed INA $1,277,376.70. (See Exhibit "3," ¶ 9.)

15.     NIL questioned the attorneys' fees and costs set forth in the Account. On January 24, 2008, INA sent NIL and the panel additional back-up information in connection with attorneys' fees and costs. (See Exhibit "4.")

16.     As a result, on January 28, 2008, the panel ordered that INA had submitted "a sufficiently detailed account" and that NIL should "pay the amount awarded in accordance with the Panel's Final Award[.]" (Exhibit "5.")

17.     NIL was therefore obligated to pay INA $1,277,376.70 by February 7, 2008, i.e., "within 20 days of the receipt of the Account."

18.     NIL has failed to pay INA, and is in violation of the panel's Final Award.

19.     NIL has further taken the position that INA is not entitled to the contractual rate of interest or any attorneys' fees and costs that have been (or will be) incurred after January 18, 2008, even though INA believes that it was awarded these amounts in the Final Award. Consequently, INA requested that the arbitration panel clarify its Final Award.

20.     On April 15, 2008, the panel issued a clarification of its Final Award reiterating that INA is entitled to the contractual rate of interest and any attorneys' fees and costs that have been (or will be) incurred after January 18, 2008, including post-judgment (Exhibit "12.")

## COUNT I

21.     The Final Award, dated December 21, 2007, is a final and definite award under the Arbitration Act, 9 U.S.C. § 9.

22.     The Reinsurance Agreements provide that a judgment by the court confirming the panel's award "shall thereupon be entered upon the award." (Exhibit "1," Article X(4).)

23.     This Petition is brought within one year of the Final Award and the Final Award has not been vacated or modified upon any of the grounds specified in 9 U.S.C. §§ 10-11.

24.     Pursuant to 9 U.S.C. § 9, INA is therefore entitled to an Order confirming the panel's Final Award and directing NIL to immediately pay INA $1,277,376.70 (plus any additional interest -- at the contractual rate -- that has accrued and attorneys' fees and costs that have been incurred since January 18, 2008).

## COUNT II

25.     INA has submitted its proposed judgment to this Court. (See Exhibit "6.") This proposed judgment is in accordance with the Final Award.

26.     The Court should therefore enter this judgment in final resolution of this matter.

## COUNT III

27.     The Reinsurance Agreements specifically provide that upon confirming the panel's Final Award as a result of this Motion, "the attorneys' fees of the party so applying and court costs will be paid by the party against whom confirmation is sought." (Exhibit "1," Article X(4).)

28.     INA is therefore entitled to its attorneys' fees and costs associated with this Motion To Confirm Arbitration Award.

29.     Pursuant to D.C.Colo.LCiv.R. 7.1(A), counsel for INA has repeatedly conferred with counsel for NIL concerning the issues raised by this Motion.  As reflected in the competing proposed judgments submitted by the parties to this Court and NIL's Motion for Entry of Final Judgment, the parties have an ongoing dispute concerning the form of a final judgment to be entered by this Court.  This dispute has necessitated the filing of the instant Motion.

WHEREFORE, INA prays that this Court:

1.    confirm the panel's Final Award dated December 21, 2007, as authorized by Section 9 of the Arbitration Act;

2.    enter INA's proposed judgment (exhibit "6");

3.    order NIL to pay INA immediately $1,277,376.70 (plus any additional interest -- at the contractual rate -- that has accrued and attorneys' fees and costs that have been incurred since January 18, 2008);

4.    order NIL to pay INA its attorneys' fees and costs associated with this Motion To Confirm Arbitration Award And Enter Judgment; and

5.    award any and all other relief the Court shall deem just and proper.

Dated this 23rd day of April, 2008

Respectfully submitted,

s/Andrew D. Ringel                    .
Andrew D. Ringel, Esq.
of HALL & EVANS, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202
Phone:  (303) 628-3300
Fax:  (303) 293-3238
ringela@hallevans.com

and

Lloyd A. Gura, Esq.
Matthew J. Lasky, Esq.
of MOUND COTTON WOLLAN &
GREENGRASS
One Battery Park Plaza
New York, NY 10004
Phone:  (212) 804-4200
Fax:  (212) 344-8066
lgura@moundcotton.com
mlasky@moundcotton.com

**ATTORNEYS FOR DEFENDANT
AND COUNTERCLAIMANT**

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 23rd day of April, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Nathan M. Longenecker, Esq.
Jason B. Robinson, Esq.
longenecker@twhlaw.com
robinson@twhlaw.com

Robert L. Tofel, Esq.
Mark A. Lopeman, Esq.
rltofel@tofellaw.com
mlopeman@tofellaw.com

                                        s/ Loree Trout, Secretary to
                                        Andrew D. Ringel, Esq.
                                        Hall & Evans, L.L.C.
                                        1125 17th Street, Suite 600
                                        Denver, CO 80202-2052
                                        Phone:  303-628-3300
                                        Fax:  303-293-3238
                                        ringela@hallevans.com

                                        **ATTORNEYS FOR**
                                        **DEFENDANT AND**
                                        **COUNTERCLAIMANT**