IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 06-cv-01178-ZLW-BNB

NEWMONT U.S.A. LIMITED, f/k/a NEWMONT MINING CORPORATION, and
N.I. LIMITED,

    Plaintiffs and Counterclaim Defendants,

v.

INSURANCE COMPANY OF NORTH AMERICA,

    Defendant and Counterclaimant.

---

ORDER

---

    The matters before the Court are Plaintiffs' Motion For Entry Of Final Judgment (Doc. No. 56) and Defendant's Motion To Confirm Arbitration Award And Enter Judgment (Doc. No. 58). The Court has considered fully the arguments and legal authority presented by the parties in their briefs and determines that a hearing is not necessary.

    On September 21, 2006, this Court ordered Plaintiff N.I. Limited (NIL) and Defendant Insurance Company of North America (INA) to arbitrate claims arising from three Reinsurance Agreements.[1] On December 21, 2007, the arbitration panel (Panel) rendered a unanimous decision in favor of INA (the Award).[2] On January 17, 2008, INA

---

[1] The three Reinsurance Agreements (signed July 18, 1982; July 18, 1983; and July 18, 1984) contain identical language.

[2] Resp. In Opp'n To Pls.' Mot. For Entry Of J., Ex. 2 (Doc. No. 57; Apr. 23, 2008).

submitted an affidavit to NIL confirming the amounts due under the Award totaled $1,277,376.70.

The parties now seek confirmation of the Award via entry of judgment in this Court under the Federal Arbitration Act (FAA), 9 U.S.C. § 9.[3] Pursuant to Magistrate Judge Boland's February 29, 2008 Order, the parties submitted their proposed form of judgment to the Court on March 5, 2008. The parties disagree on the form of judgment in two respects: (1) the rate used for post-judgment interest and (2) whether post-judgment attorney's fees and costs are recoverable.

Judicial review of an arbitration award is highly deferential and strictly limited.[4] The Court must "give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law."[5] "Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances."[6]

---

[3]The Reinsurance Agreements provide that "[e]ither party may apply to the United States District Court for the Eastern District of Pennsylvania for an order confirming the award." However, entry of an order confirming an award in the Court which ordered the arbitration is proper, if simply for judicial efficiency. See NII Metals Servs., Inc. v. ICM Steel Corp., 514 F.Supp. 164, 166 (N.D. Ill. 1981); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer, 49 F.3d 323, 329 (7th Cir. 1995) (FAA venue language is permissive, not mandatory). Neither party has objected to this Court entering an order confirming the Award.

[4]See Bowen v. Amoco Pipeline Co., 254 F.3d 925, 932 (10th Cir. 2001); U.S. Energy Corp. v. Nukem, 400 F.3d 822, 830 (10th Cir. 2005).

[5]Hollern v. Wachovia Sec., Inc., 458 F.3d 1169, 1172 (10th Cir. 2006) (quoting Brown v. Coleman Co., 220 F.3d 1180, 1182 (10th Cir. 2000)).

[6]Hollern, 458 F.3d at 1172 (quoting Ormsbee Dev. Co. v. Grace, 668 F.2d 1140, 1146-47 (10th Cir. 1982)).

As an initial matter, Plaintiffs ask the Court to disregard the Panel's "Order Clarifying Final Award" entered April 15, 2008.[7] However, the Court finds this document to be a valid clarification of the Panel's initial Award and will consider both the Award and the clarification to represent the Panel's final decision in this matter (Final Award).[8]

The Panel found that Article XIII of the Reinsurance Agreement governed the "interest which may accrue [after the Final Award] under the parties continuing administration of the contract including post-judgment interest."[9] Therefore, the Panel ordered that the contractual interest rate provided by Article XIII, 1.5% per month, should be the rate assessed post-judgment.[10] Defendant urges this Court to adopt the Panel's findings. Conversely, Plaintiffs argue that the rate defined by the federal post-judgment interest statute, 28 U.S.C. § 1961, should be used instead.

While this Court generally must defer to the Panel on matters contained in the Award, the Court has the power to modify or correct an award "[w]here the arbitrators have awarded upon a matter not submitted to them."[11] Determination of the post-judgment interest rate for federal judgments is a question for the Court, not the Panel:

---

[7] Resp. In Opp'n To Pls.' Mot. For Entry Of J., Ex. 12.

[8] Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1270-71 (10th Cir. 1999); United Steelworkers of Am. v. Ideal Cement Co., 762 F.2d 837, 841 n.3 (10th Cir. 1985) (arbitrators may "correct mistakes, complete awards which were not final, and clarify ambiguities").

[9] Resp. In Opp'n To Pls.' Mot. For Entry Of J., Ex. 12.

[10] Id.

[11] 9 U.S.C. § 11(b).

> [9 U.S.C. § 13] provides that a judgment entered by a federal court confirming, modifying, or correcting an arbitration award "shall have the same force and effect, in all respects, as, and be subject to all provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." Although a district court enforcing an arbitration award does not engage in a de novo review of the award, and it may reverse or modify the award only on specified grounds, <u>once the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial. We therefore conclude that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates.</u>[12]

To the extent the Award attempts to define the post-judgment interest rate to apply after confirmation under 9 U.S.C. § 9, this holding is modified pursuant to 9 U.S.C. § 11(b). However, this Court will defer to the Panel's decision regarding the interest rate to be charged *prior to entry of judgment* as this decision was properly before the Panel. The Court finds the proper date for entry of judgment is June 5, 2008, the date on which the Court was fully briefed on the parties' objections to the final form of order.[13] Therefore, the Court finds the pre-judgment interest rate, up to and including June 5, 2008, should be calculated at 1.5% per month.

---

[12] Parsons & Whittemore Ala. Mach. and Servs. Corp. v. Yeargin Constr. Co., Inc., 744 F.2d 1482, 1484 (11th Cir. 1984) (emphasis added); see also Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd., 888 F.2d 260, 269 (2d Cir. 1989) (adopting holding from Parsons); Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 101 (2d Cir. 2004) ("mandatory language" of 28 U.S.C. § 1961 "preclud[es] district courts from . . . adopting an interest rate set by arbitrators," citing Carte Blanche); Soc'y of Lloyd's v. Reinhart, 402 F.3d 982, 1004-05 (10th Cir. 2005) (citing with approval both Carte Blanche and Westinghouse).

[13] Defendant's Sur-Reply In Opposition to Plaintiffs' Motion For Entry Of Final Judgment (Doc. No. 69) was filed on June 5, 2008.

The Court must now independently identify the interest rate that applies after June 5, 2008. By default, post-judgment interest is mandatory and is assessed at the rate identified in 28 U.S.C. § 1961.[14] The United States Court of Appeals for the Tenth Circuit has "acknowledge[d] that parties may contract to, and agree upon, a post-judgment interest rate other than that specified in § 1961."[15] However, "[i]f parties want to override the general rule on merger and specify a post-judgment interest rate, they must express such intent through <u>clear, unambiguous and unequivocal language</u>."[16]

The Reinsurance Agreements contain no such clear, unambiguous, and unequivocal language. Article XIII of the Reinsurance Agreements provides that

> [e]ither party will pay to the other an interest charge at the monthly rate of one and one-half percent (1.5%) on any amount that is not paid within the time required <u>by this Agreement</u>, said charge to commence at the time any such payment is required <u>by this Agreement</u>.[17]

Given the Tenth Circuit's extremely strict standard for altering the statutory rate, anything short of an explicit statement that the contractual interest rate is meant to control subsequent to entry of a federal judgment is inadequate. The Reinsurance Agreements here do not come close to reaching this high requirement. Conversely, the

---

[14] <u>Soc'y of Lloyd's</u>, 402 F.3d at 1004-05.

[15] <u>Id.</u> at 1004 (<u>citing</u> <u>Westinghouse</u>, 371 F.3d at 101).

[16] <u>Soc'y of Lloyd's</u>, 402 F.3d at 1004 (<u>citing</u> <u>Westinghouse</u>, 371 F.3d at 102 (internal quotation omitted)) (emphasis added).

[17] Emphasis added.

contractual language indicates the interest rate attaches only to collection <u>on the Agreement itself</u>, not the underlying obligation.

> The general rule under federal . . . law is that 'when a valid and final judgment for the payment of money is rendered, the original claim is extinguished, and a new cause of action on the judgment is substituted for it. In such a case, the original claim loses its character and identity and is merged in the judgment.'[18]

Entry of judgment in this Court will extinguish the Reinsurance Agreements (and their corresponding interest rate obligations) and will provide INA with a court approved judgment instead. Applying the standard federal statutory rate to this judgment will properly "compensate[] the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the [judgment] and the payment by the defendant."[19] Therefore, post-judgment interest will be assessed at the rate required by 28 U.S.C. § 1961.

Unlike post-judgment interest, recovery of attorney's fees and costs in this case is not controlled by any federal statute and instead is controlled entirely by the parties' agreements. As such, determination of these fees and costs was properly determined by the Panel. Having determined that this decision was within the Panel's authority, the

---

[18]Soc'y of Lloyd's, 402 F.3d at 1004 (citing Carte Blanche, 988 F.2d at 269).

[19]Soc'y of Lloyd's, 402 F.3d at 1004 (citing Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827 (1990)) (quotations and alterations omitted from the original cite).

6

Court necessarily defers to the interpretation of law and findings of fact contained in the Award.[20]   Accordingly, it is

ORDERED that Plaintiffs' Motion For Entry Of Final Judgment (Doc. No. 56; Apr. 9, 2008) is granted in part and denied in part.  It is

FURTHER ORDERED that Defendant's Motion To Confirm Arbitration Award And Enter Judgment (Doc. No. 58; Apr. 23, 2008) is granted in part and denied in part.  It is

FURTHER ORDERED that judgment should be entered in favor of INA and against NIL on INA's counterclaims asserted in this action.  It is

FURTHER ORDERED that the arbitration panel's Final Award is hereby confirmed pursuant to 9 U.S.C. § 9 and INA is awarded (a) $461,782.24 for Pinal Creek site claims under the 1982-1985 Reinsurance Agreements; (b) $258,701.34 in compounded interest at the contractually agreed upon rate of 1.5% per month to January 18, 2008; and (c) $556,893.15 in attorneys' fees and costs incurred through January 18, 2008 in attempting to collect amounts due under the 1982-1985 Reinsurance Agreements as agreed upon by the parties, which totals $1,277,376.70.  It is

FURTHER ORDERED that INA is awarded interest on the outstanding balance as defined by the Reinsurance Agreements at the rate of 1.5% per month from January 19, 2008 up to and including June 5, 2008.  It is

---

[20]Hollern v. Wachovia Sec., Inc., 458 F.3d 1169 (10th Cir. 2006); Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1275 (10th Cir. 2005).

FURTHER ORDERED that INA is awarded attorneys' fees and costs incurred after January 18, 2008 in attempting to collect amounts due under the 1982-1985 Reinsurance Agreements as agreed upon by the parties. It is

FURTHER ORDERED that post-judgment interest shall accrue on the judgment at the rate set by and in accordance with 28 U.S.C. § 1961 after June 5, 2008.

DATED at Denver, Colorado, this 19th day of September, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court